## Thomas D. Eliot *vs.* Perry G. Lawton.

The statute of limitations does not begin to run against any part of the claim of an attorney at law for services rendered and moneys paid in conducting a suit to its termination, under a general employment, until the final entry of judgment therein.

CONTRACT brought by an attorney at law to recover for professional services rendered to George W. Macomber, the defendant's intestate, in conducting a suit for him. The writ was dated August 11, 1863.

It was agreed in the superior court that in 1853 the plaintiff was employed by Macomber to manage the case for him, and various services were thereafter rendered and payments made in commencing, preparing and conducting the same. The case was tried before a jury, and afterwards in October 1855 was argued upon questions of law before the full court. On the 10th of June 1856 a rescript was received by the clerk, directing a judgment of nonsuit to be entered, which was accordingly done. Macomber died on the 4th of March 1862. The plaintiff

attended court at the April term 1856, with this case on his docket for attention, and it was agreed that the case was then pending on the court docket, and was continued *nisi*, and that the ordinary term charges for that term are due. The plaintiff's services at that term were all that were actually performed within six years before Macomber's death. The plaintiff fixed no amounts on his books or otherwise, and rendered no account and sought no payment, till after the final judgment in the case.

Upon these facts judgment was rendered for the plaintiff, and the defendant appealed to this court.

*T. M. Stetson,* for the plaintiff, cited Angell on Lim. § 120; 2 Parsons on Con. 373, and cases cited; *Hall* v. *Wood,* 9 Gray, 60.

*J. M. Morton, Jr.,* for the defendant. Macomber did not agree to pay an entire sum for services to be rendered. The plaintiff might, for aught that appears, have demanded payment at any stage of the case for his services rendered and payments made to that time. *Whitehead* v. *Lord,* 7 Exch. 691. *Foster* v. *Jack,* 4 Watts, 334. He might have left the case, upon reasonable notice, at any time, or his client might have discharged him; and in either case he would then have had a claim for his fees. *Vansandau* v. *Browne,* 9 Bing. 402. *Cholmondeley* v. *Clinton,* 19 Ves. 261. The fact that the plaintiff acted under one contract, therefore, does not show that the contract was entire, and that he might not be entitled to recover fees upon a demand made before the termination of the case. No time of payment having been fixed, the plaintiff was entitled to receive his compensation as fast as he earned it.

Dewey, J. The only question arising in the present case is as to the effect of the statute of limitations upon the demand of the plaintiff. The services commenced more than six years before the death of the client, and continued for about three years, when the action was finally disposed of. If treated as a distinct contract for each item of service and expenditure as they occurred, nearly the whole of the plaintiff's claim is barred by the statute. If, on the other hand, it is held to be a contract for continuous labor and services, and is considered as one

entire demand, the period of six years had not elapsed, and the plaintiff may recover the whole of his claim. The principle as applied to contracts that are entire is clear. *Hall* v. *Wood*, 9 Gray, 60. But it has been questioned whether the services of an attorney, performed at different periods in the progress of a suit, are not to be treated as several and distinct services, for each of which a present liability accrues, and which, therefore, like other cases of distinct services or contracts, are severally subject to the statute of limitations.

This question, although new here, has been the subject of frequent consideration by other tribunals. As stated in Chit. Con. (7th Amer. ed.) 815, the rule of law is, that in the case of an attorney's bill for prosecuting or defending his client in a suit, the six years required by the statute to bar the claim are, as to the whole bill, to be reckoned from the termination of the action. It is also stated in Angell on Lim. § 120, that the contract of an attorney to carry on or defend a suit is an entire contract, and therefore the period of limitation runs only from the termination of the suit. See also, to the same effect, 2 Parsons on Con. 373. These positions are well maintained by various cases. See *Whitehead* v. *Lord*, 7 Exch. 691; *Harris* v. *Osbourn*, 2 Cr. & M. 629; *Phillips* v. *Broadley*, 9 Q. B. 744 *Rothery* v. *Munnings*, 1 B. & Ad. 15; *Martindale* v. *Falkner*, 2 C. B. 706.

The objection is urged against such a rule, that, by holding this to be an entire contract, the attorney is precluded from enforcing any claim for services until the final termination of the suit. To this it has been answered that such would be the effect if nothing has occurred to change the relation of the parties and their duties to each other; but from the nature of this contract it may be terminated previous to the termination of the suit, for a good and sufficient cause, and upon reasonable notice. Hence it has been holden that failure to supply reasonable funds, or any other substantial cause for not further proceeding in the case, would justify the attorney in withdrawing from it, and in such a case a present right to enforce his claim for past services would arise, and of course also from that period

the statute of limitations would commence running. The cases we have referred to will be found to contain this qualification of the contract between attorney and client in relation to pro fessional services. To the like effect is the case of *Rush* v. *Cavenaugh*, 2 Barr, 187.

But where no such notice has been given, and the attorney conducts the suit to its termination, it is to be treated as an entire contract, and the statute of limitations will run only from the termination of the suit. This was the case as respects these services, and the result is that the plaintiff is entitled to recover his entire demand.